UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60190-CIV-ZLOCH

PAUL TOKARZ,

      Plaintiff,

                                **FINAL ORDER OF DISMISSAL**
vs.                         **AS TO COUNTS II, III, & IV**

TRG COLUMBUS DEVELOPMENT
VENTURE, LTD.,

      Defendant.

                                /

      THIS MATTER is before the Court sua sponte and upon Defendant's Motion To Dismiss And Motion For More Definite Statement (DE 6). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff has filed a Complaint (DE 1) which alleges the following counts: 1) certain violations of 15 U.S.C. §§ 1701, et seq. by Defendant; 2) violations of Florida Statutes Chapter 718, The Florida Condominium Act by making substantial and material alterations to certain documents concerning the property in question, which adversely changed the configuration and/or size of the property in question; 3) refusal to provide Plaintiffs with certain documents in violation of Florida Statutes § 718.503(1)(b); 4) failure of Defendant to provide a statement in conformity with Florida Statutes § 718.503(1)(a)(1).

1

It is a well established principal of law that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799).  Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States" or "arising under any Act of Congress regulating commerce."  28 U.S.C. §§ 1331, 1337 (2006).  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues."  Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).  Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction."  28 U.S.C. § 1367 (2006).

In his Complaint (DE 1), Plaintiff asserts claims arising under the 15 U.S.C. §§ 1701, et seq., which is commonly referred to as the Interstate Land Sales Full Disclosure Act.  The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331. In Counts  II, III, and IV Plaintiff alleges various Florida state law claims.  DE 1.  Therefore, jurisdiction over Counts II, III,

and IV are premised upon the Court's exercise of supplemental

jurisdiction according to 28 U.S.C. § 1367.  This section provides

that

> in any civil action of which the district courts have
> original jurisdiction, the district courts shall have
> supplemental jurisdiction over all other claims that are
> so related to claims in the action within such original
> jurisdiction that they form part of the same case or
> controversy under Article III of the United States
> Constitution.  Such supplemental jurisdiction shall
> include claims that involve the joinder or intervention
> of additional parties.

Id. § 1367.  It is clear that this Court has original jurisdiction

over the federal law claims asserted in Plaintiff's Complaint.

After reviewing Plaintiff's Complaint, the Court finds that the

state law claims against the Defendants, as asserted in Counts II,

III, IV are so related to the federal claims in the instant action

that they form part of the same case or controversy.  28 U.S.C. §

1367(a) (2006).   Therefore, this Court has the authority to

exercise supplemental jurisdiction over the state law claims in the

instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry

does not end here.  In 1990, Congress codified the formerly well-

entrenched jurisdictional doctrine denominated as pendent and

ancillary jurisdiction set forth in United Mine Workers of Am. v.

Gibbs, 383 U.S. 715 (1966).  Section 1367(c) provides in pertinent

part:

> The district courts may decline to exercise
> supplemental jurisdiction over a claim under
> subsection (a) if --

>    (1)  the claim raises a novel or complex issue of
>         State law, [or]
>    (2)  the claim substantially predominates over the
>         claim or claims over which the district court
>         has original jurisdiction . . . .

Applying § 1367(c)(1) and (2) to the instant allegations and the laws that they arise under, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts II, III, & IV, because those claims present questions of state law which would otherwise predominate over the federal claims present here.  Specifically, the application of Florida condominium law to this action would tend to dominate the federal claims and obscure the significance of the federal claims. See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and dismiss the state law claims set forth in Counts II, III, & IV as such state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claims presented here.

The Court recognizes that current trends in the law favor expanded federal court jurisdiction.  The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction.  While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by

this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Further, the Court notes that Defendant's instant Motion seeks dismissal of Counts II, III, and IV of this action on bases other than those expressed in this Order.  Therefore, it shall be denied as moot.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. that Plaintiff's claim raised in Counts II, III, & IV of the Complaint (DE 1) be and the same are hereby **DISMISSED;** and

2. Defendant's Motion To Dismiss And Motion For More Definite Statement (DE 6) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of April, 2008.


_____
WILLIAM J. ZLOCH
United States District Judge


Copies furnished:

All Counsel of Record