UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60190-CIV-ZLOCH

PAUL TOKARZ,

    Plaintiff,

vs.                                     **OMNIBUS ORDER**

TRG COLUMBUS DEVELOPMENT
VENTURE, LTD.,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Paul Tokarz's Motion To Compel (DE 44), Plaintiff Paul Tokarz's Motion To Compel (DE 54), Plaintiff Paul Tokarz's Motion To Compel (DE 55), Defendant's Motion In Limine Re: Expert (DE 51), Defendant's Memorandum of Law Concerning Attorney's Fees (DE 37), which the Court construes as a Motion For Attorney's Fees, and Plaintiff Paul Tokarz's Memorandum In Opposition (DE 36), which the Court construes as a Motion For Reconsideration. The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

This action was brought under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, et seq. ("ILSFDA"). Plaintiff entered into a contract in August 2005 with Defendant for the purchase of a condominium at the complex named 50 Biscayne. He put down deposits on the unit totaling $136,000. When the time came to pay the remaining balance, rather than closing on the unit, he filed the instant action claiming serval violations of the ILSFDA

and seeking recovery of his deposit and attorney's fees. Specifically, he claims as follows: Count 1, failure to provide a property report; Count 2, failure to disclose a third party interest; Count 3, advertising that contradicts the property report; Count 4, false representations; Count 5, failure to provide a recordable description of the property; Count 6, refusal to refund amounts paid over 15%. During the course of litigation several motions to compel have been filed. In this Order, the Court will address the most recent discovery motions filed by Plaintiff, one of Defendant's motions in limine re Expert, the issue of attorney's fees raised in a prior discovery motion, and a motion for reconsideration filed by Plaintiff of an earlier discovery Order.

I. Plaintiff's Motions To Compel (DE Nos. 44 & 54)

Plaintiff's first Motion To Compel (DE 44) address several discovery requests Plaintiff previously propounded on Defendant, including interrogatories and requests for production. Defendant served partial responses to the requests and made objections to many of the discovery requests. DE 47, Ex. A. In response to the Motion, Defendant argues that it has complied with the discovery requests, that Plaintiff's motion is procedurally infirm, and that its objections to the requests should be sustained. Procedurally, Defendant argues that Plaintiff's counsel failed to confer with opposing counsel before filing this motion as mandated by the Local Rules of this district. In response, Plaintiff has submitted

emails that document his attorney's efforts to confer with opposing counsel, which satisfies the Local Rules. See DE 59, Ex. A & B. Defendant's remaining procedural argument is that Plaintiff has failed to comply with Local Rule 26.1.H.2, which requires that discovery motions set forth with particularity the requests at issue. While a party moving to compel discovery should always err on the side of greater specificity when articulating the grounds for compelling the same, the information provided with Plaintiff's Motion (DE 44) is sufficient for the Court to rule on the discovery at issue.

Before addressing each of Plaintiff's discovery requests covered by the instant Motion (DE 44), it is necessary to draw Defendant's attention to Federal Rule of Civil Procedure 33(b)(5). The person who responds to the interrogatories must verify the responses and the attorney making objections must also sign the document. Id. No signature, by either an individual on behalf of Defendant or Defense counsel, appears on Defendant's Response To Plaintiff's First Set Of Interrogatories. See DE 47, Ex. A. Thus, Defendant is deemed to have not responded at all, and Defendant's objections are also deemed waived. See 8A Wright & Miller, Federal Practice & Procedure: Civil 3d § 2177. Further, Defendant's objections fail to specify the particular grounds for objection as dictated by Local Rule 26.G.3 and the Federal Rule 33(b)(4). Id. § 2173. The burden of establishing that an interrogatory is objectionable rests on the Defendant in this case. And it must

establish a reasonable basis for why the discovery sought is beyond the permissible scope of Rule 26 by articulating its basis in law and on the facts of the case. Repeated recitation of legal incantations will not relieve a party of the burdens of responding to discovery requests. S.D. Fla. L.R. Gen. Appx. A.IV.A.4 ("Objections should be specific, not generalized.").

To avoid a second motion on this same issue when Defendant does respond to the discovery in question, the Court will address the sufficiency of its responses. With the exception of Interrogatory 21 and the limitation given below, Defendant shall provide full and complete responses to Plaintiff's Interrogatories. As way of an example as to what the Court will not accept as responses, several Interrogatories are answered with reference to hundreds of pages of Bates stamped disclosures previously provided in Defendant's initial disclosures. When Defendant responds to Plaintiff's Interrogatories 8, 9, 12, 13, 14, it will respond in detail with the particularity that the Interrogatories demand; general references to hundreds of Bates stamped pages do not comply with the dictates of Rule 33. Further, Defendant responded to several of Plaintiff's Interrogatories with blanket reference to Defendant's initial disclosures. See, e.g., Interrogatories Nos. 2, 3, 16, & 17. The Court is without the referenced documents and thus it is incapable of judging whether the information contained therein is readily provided to fully answer the Interrogatories in question. To the extent that the Interrogatories have not been

fully answered by Defendant's initial disclosures, Defendant must set forth all the information asked, including the discrete information requested in the interrogatories, especially the relevant witnesses' contact information and the basis of their knowledge.  If its Responses to the Interrogatories again fail to comply with the Federal and Local Rules the Court will entertain the appropriate motion for sanctions, including but not limited to striking some of its affirmative defenses.

In addition, Defendant will respond to Plaintiff's Interrogatory Nos. 6 and 10.  Further, Response 8, shall direct the precise pages that references the particular subpart in Interrogatory 8.  The objections to interrogatories 10, 20, 22, & 23 are overruled; no such protective order was ever filed by Defendant, and therefore it shall comply the discovery requests at issue.  Further, Interrogatory 21 shall be answered in full to the extent it does not intrude upon any attorney-client privilege Defendant has or any confidentiality agreements previously entered into by it.

In contrast to Defendant's responses to Plaintiff's Interrogatories, Defendant's Responses to Plaintiff's Requests for production are signed.  However, the objections stated therein also fail to comply with the dictates of the Federal and Local Rules.  Defendant's Objections to Request 1 fails to comport with Federal Rule 34(b)(2)(c).  As to Requests 7 and 10, Defendant has not submitted a privilege log or otherwise established that the

documents sought are covered by attorney-client privilege or work product. Defendant's Response to Requests 11, 12, and 13 are overruled, and it will comply with the discovery request. Further, Defendant shall comply with Request 14, to the extent that it does not intrude upon any attorney-client privilege Defendant has or any confidentiality agreements previously entered into by it. Defendant's other responses reflect that it has otherwise complied with Plaintiff's Requests; if it has not, then Defendant shall turn over the documents requested and not produced at the time it serves the other discovery requests on Plaintiff's counsel. Failure to provide all of the documentation contained in Plaintiff's discovery requests will be grounds for sanctions under Rule 37.

Concerning Plaintiff's second Motion To Compel (DE 54), Defendant's objections are overruled and the motion is granted in all aspects. The objections, like those noted above, fail to meet the specificity required under the Federal and Local Rules. In addition, there is no question that the discovery in question falls under the broad description of discovery contained in Federal Rule 26. If the documents provided in request number 1 constitute any matter covered under attorney-client privilege Defendant shall follow the proper procedures for asserting the same.

## II. Plaintiff's Motion To Compel (DE 55)

Plaintiff's third Motion To Compel (DE 55) concerns the refusal of non-party Related Cevera Realty Services (hereinafter "RCRS") to respond to Plaintiff's subpoena duces tecum. RCRS makes

several arguments for why the subpoena is defective and the instant Motion (DE 55) should be denied.  First, it argues that the discovery violates Local Rule 16.1, which provides that all discovery must be completed ten days prior to the date of pre-trial conference.  However, the Court's scheduling order, which supersedes the Local Rule, provides a discovery cut-off of five days before pre-trial conference.  See DE 10.  The discovery in this matter was timely served on RCRS and this motion was necessitated by it and its counsel's gamesmanship.

Second, it argues that the subpoena was defective in that it gave an unreasonable time to comply and did not tender to RCRS fees for 1 day's attendance and mileage by law.  Fed. R. Civ. P. 45(b)(1).  The Court finds that given the nature of the subpoena and the fact that the documents requested were used at RCRS's earlier deposition, two days time to comply is not unreasonable and therefore does not make the subpoena deficient.  Further, RCRS's reliance on Rule 45(b)(1) and the tendering of fees for 1 day's attendance and mileage by law is inapposite to Plaintiff's motion.  That provision is only applicable "if the subpoena requires that person's attendance."  Id.; see Windsor v. Martindale, 175 F.R.D. 665, 670 (D. Colo. 1997) (noting that when attendance is not required there is no need to tender the fees along with the subpoena).  Here, the only thing requested by the subpoena are documents pertinent to the litigation and not attendance by anyone.  Therefore, Plaintiff's subpoena is not defective, and the Court

will order RCRS to comply with the same.

### III. Defendant's Motion In Limine Re: Expert

Defendant has filed a Motion In Limine re: Expert to strike Plaintiff's Expert for Plaintiff's untimely disclosure. Plaintiff's expert disclosure is indeed untimely; however, given the lack of prejudice that Defendant will suffer because of the four-day delay, the Court will not strike Plaintiff's expert, but order him to make the expert available for a deposition and immediately disclose the expert's report and resume.

### IV. Defendant's Motion For Attorney's Fees

In its prior Order (DE 34) the Court granted Defendant's Motion To Compel (DE 33). Therein, the Court ordered Plaintiff to establish good cause for his failure to comply with Defendant's discovery requests. In response Plaintiff filed a Memorandum (DE 36) concerning his substantial justification for not turning over the discovery in question. In addition, he also moves the Court to reconsider its prior Order granting Defendant discovery of Plaintiff's retainer agreement with his attorney. The Court has carefully reviewed Plaintiff's briefing on this matter and finds that its position for objecting to said discovery request was substantially justified. Plaintiff proposed several alternatives to producing the actual retainer agreement in this action and it had a reasonable basis in law to believe that a case-by-case determination as to the retainer agreement was necessary. Thus, no sanction is warranted for Plaintiff's non-disclosures. Fed. R.

Civ. P. 37.

### V. <u>Plaintiff's Motion For Reconsideration</u>

Also in Plaintiff's Memorandum (DE 36) establishing substantial justification for its failure to provide the discovery at issue in Defendant's Motion To Compel (DE 33) is a request that the Court reconsider its Order granting the same.  Plaintiff is counseled that any motion for reconsideration must be filed and styled like any other motion and the relief sough therein should be clearly set forth and not buried deep in the memorandum's text. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  The Court will take Plaintiff's Memorandum (DE 36), under consideration.  Plaintiff is directed to file a copy of the retainer agreement with the clerk of this court underseal, and Defendant shall file a Response to the Memorandum (DE 36) within the time prescribed below.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Paul Tokarz's Motions To Compel (DE Nos. 44 & 54) be and the same are hereby **GRANTED**;

2. By <u>noon</u> on <u>Friday, October 17, 2008</u>, Defendant shall serve upon Plaintiff's counsel the discovery requests contained in the instant Motions (DE Nos. 44 & 54) in conformity with the rulings made in this Order;

3. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, October 17, 2008</u>, Defendant shall file with the Clerk of

this Court a Memorandum showing good cause for its failure to timely and properly respond to Plaintiff's Requests For Production and Interrogatories;

4. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, October 17, 2008</u>, Plaintiff shall file a Memorandum with the Clerk of this Court together with all necessary Affidavits and Exhibits establishing for the Court the attorney's fees and costs incurred in preparation and execution of the instant Motions To Compel (DE Nos. 44 & 54);

5.  Plaintiff Paul Tokarz's Motion To Compel (DE 55) be and the same is hereby **GRANTED**;

5. By <u>noon</u> on <u>Thursday, October 16, 2008</u>, Non-Party Related Cevera Realty Services shall serve upon Plaintiff's counsel the discovery requested in the subponea duces tecum served on it on or about September 18, 2008;

6. Pursuant to Federal Rule of Civil Procedure 45(e), by <u>noon</u> on <u>Friday, October 17, 2008</u>, Non-Party Related Cevera Realty Services shall file with the Clerk of this Court a Memorandum showing good cause for its failure to respond to Plaintiff's subpoena duces tecum and why it should not held in contempt of court;

7. Pursuant to Federal Rule of Civil Procedure 45(e), by <u>noon</u> on <u>Friday, October 17, 2008</u>, Plaintiff shall file a Memorandum with the Clerk of this Court together with all necessary Affidavits and Exhibits establishing for the Court the attorney's fees and costs

incurred in preparation and execution of the instant Motion To Compel (DE 55);

8. Defendant's Motion In Limine (DE 51) be and the same is hereby **DENIED**;

9. By noon on Wednesday, October 8, 2008, Plaintiff shall serve upon Defense counsel his expert's report and resume;

10. On or before Monday, October 13, 2008, Plaintiff shall produce and make available his expert witness for a deposition at Defense counsel's law office;

11. Upon the failure of Plaintiff to comply with this Court's order and make his Expert available and timely serve the Expert's Report and resume on Defense counsel, the Court shall strike his expert;

12. Defendant's Memorandum of Law Concerning Attorney's Fees (DE 37), which the Court construes as a Motion For Attorney's Fees, be and the same is hereby **DENIED**;

13. Plaintiff Paul Tokarz's Memorandum In Opposition (DE 36), which the Court construes as a Motion For Reconsideration, is taken under advisement at this time;

14. By noon on Thursday, October 9, 2008, Plaintiff shall have file under seal a true and correct copy of the retainer agreement that was turned over to Defendant in discovery;

15. By noon on Thursday, October 9, 2008, Defendant shall file a Response in opposition to Plaintiff's Memorandum In Opposition (DE 36), which the Court construes as a Motion For Reconsideration;

and

16. The Parties are granted prospective leave to amend their pre-trial stipulations and exhibits lists in light of the discovery referenced in this order. Within three (3) business days of the Court ruling upon Defendant's Motion For Summary Judgment (DE 30), the Parties shall file a revised Joint Pretrial Stipulation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of October, 2008.

*[signature]*

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record